**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


*In re* **S.H.**

**No. 23-183** (Randolph County CC-42-2022-JA-12)


## MEMORANDUM DECISION


Petitioner Father T.H.[1] appeals the Circuit Court of Randolph County's March 2, 2023, order terminating his parental rights to S.H., arguing that the circuit court erred by assuming jurisdiction.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In February 2022, the DHS filed an application for emergency custody of the child. On the same day, the circuit court entered an order ratifying emergency custody. The circuit court found that the child was in imminent danger because the petitioner abandoned her in West Virginia without making any educational, medical, or other provisions for her. That same month, the DHS filed a petition elaborating on the petitioner's abandonment of the child and additional abusive and/or neglectful conduct. Specifically, the petitioner was alleged to have abused the child by calling her derogatory names, punching her, and neglecting her medical and educational needs. Additionally, the petition alleged that the petitioner perpetrated domestic violence towards his former girlfriend, L.H., in the child's presence, including once beating her face so badly that her blood spattered on the ceiling and walls. The petition detailed that the petitioner brought the child to West Virginia for a short visit but left her in this state in L.H.'s care for three months. The DHS later filed two amended petitions adding details of the child's forensic interview at which she

---

[1] The petitioner appears by counsel Timothy Prentice. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Lee Niezgoda. Counsel Heather Weese appears as the children's guardian ad litem ("guardian").

[2] Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

disclosed more incidents of physical violence at the hands of the petitioner and generally setting forth more abusive and neglectful conduct by the petitioner.[3]

The circuit court contacted the judge who entered a custodial order in Virginia regarding S.H. to discuss jurisdiction. The record indicates that the petitioner was granted sole custody of the child in 2015 in that state, but the Virginia court declined jurisdiction in favor of permitting the proceeding in Randolph County Circuit Court to go forward. Accordingly, in March 2022, the circuit court entered an order accepting jurisdiction pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"). W. Va. Code § 48-20-201.

The petitioner was adjudicated as an abusing parent in November 2022. In March 2023, the court entered an order following a dispositional hearing in which it terminated the petitioner's parental rights based upon his failure to remedy the issues of medical and educational neglect and his physical, emotional, and verbal abuse of the child. It is from this order that the petitioner appeals.[4]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner's sole assignment of error is that the circuit court erred by asserting emergency jurisdiction over the child at the beginning of this case because there was no emergency. Specifically, the petitioner argues that the child was enrolled in an appropriate homeschool program approved by the State of Virginia and that the circuit court denied the State of Virginia full faith and credit and violated his rights to religious liberty and due process by refusing to honor the child's homeschool accommodation. *See* U.S. Const. art. IV, § 1; U.S. Const. amends. I, XIV. However, in its order ratifying emergency custody, the circuit court found that the child was in an emergency—she was left in West Virginia with a non-relative for three months with no provisions for medical or other care.

The statute governing emergency jurisdiction under the UCCJEA is West Virginia Code § 48-20-204, which provides that "[a] court of this state has temporary emergency jurisdiction if the child is present in this state and the child has been abandoned." "'Abandoned' means left without provision for reasonable and necessary care or supervision." *Id.* § 48-20-102. The petitioner makes no references or arguments related to the applicable authorities, other than making a bare assertion that there was no emergency because the child was not abandoned. However, the petitioner fails to address the circuit court's findings that he had made no medical or other provisions for the child while she was in this state, findings that fit squarely into the legal definition of abandonment for purposes of the UCCJEA. Moreover, the emergency petition alleged domestic violence, which the petitioner also fails to address in his argument.

---

[3] This case originally involved two other children, however, the petitioner raises no arguments related to those children, so they are not at issue on appeal.

[4] The mother's rights were also terminated. The permanency plan for the child is adoption in the current placement.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 2, 2023, order is hereby affirmed.[5]

Affirmed.

**ISSUED**: May 13, 2024

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[5] Although the petitioner's assignment of error only challenges the circuit court court's assumption of emergency jurisdiction, which was the basis for the child initially being taken into the DHS's custody, we observe that the appendix record supports that the circuit court had jurisdiction over the continuing proceedings pursuant to the UCCJEA's provision for declination of jurisdiction by another state. *See* W. Va. Code § 48-20-201(a).